UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-7468-SVW (JPRx) & 2:14-cv-07469-SVW (JPRx) | Date | January 7, 2015 |
|---|---|---|---|
| Title | Oda et al. v. Gucci America, Inc. et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER GRANTING Plaintiffs' Motion to Remand PAGA case [No. 2:14-cv-7469, Dkt. 12] and DENYING Plaintiffs' Motion to Remand Putative Class Action [No. 2:14-cv-7468, Dkt. 16]

## I. INTRODUCTION

On July 15, 2014, plaintiffs Janine Oda ("Oda") and Gissella Velasquez ("Velasquez") filed two lawsuits against defendant Gucci America, Inc. ("Gucci") in California state court. One case is a putative class action for alleged labor code violations. (No. 2:14-cv-7468 ("7468"), Dkt. 1.) The other case is a California Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*, action seeking PAGA penalties, unpaid wages and compensation on behalf of aggrieved employees, and attorney's fees and costs. (No. 2:14-cv-7469 ("7469"), Dkt.1.) On September 24, 2014, Gucci removed each of these cases to federal court. (7468, Dkt. 1; 7469, Dkt. 1.)

Currently before the Court are Plaintiffs' motions to remand each of these cases. (7468, Dkt. 16; 7469, Dkt. 12.) For the reasons discussed below, the Court GRANTS the motion to remand the PAGA action and DENIES the motion to remand the putative class action.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Gucci is a fashion designer free-standing retail stores and sales space in department stores within California. (7468 Compl. ¶ 3; 7469 Compl. ¶ 3.) Plaintiffs worked at Gucci's retail location in Beverly Hills, California. (7468 Compl.¶ ¶ 1–2; 7469 Compl. ¶¶ 1–2.) They worked as "non-exempt, hourly paid retail employee[s] during the relevant time period[.]" (7468 Compl. ¶¶ 1–2; 7469 Compl ¶¶ 1–2.) On roughly February 28, 2014, Oda's employment was terminated. (7468 Compl. ¶ 1.) Velasquez's employment was also terminated, though she does not allege the date of her termination. (7468 Compl. ¶ 2; 7469 Compl. ¶ 2.)

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-7468-SVW (JPRx) & 2:14-cv-07469-SVW (JPRx) | Date | January 7, 2015 |
|---|---|---|---|
| Title | Oda et al. v. Gucci America, Inc. et al. | | |

In their PAGA action, Plaintiffs assert that Gucci failed to pay to non-exempt retail employees all owed wages. (7469 Compl. ¶ 11.) For example, they claim that Gucci improperly rounded their hours. (*Id.*) They also assert that Gucci failed to pay overtime and vacation time wages. (*Id.*) They also assert that "employees (such as Plantiffs)" occasionally didn't receive "mandated rest, meal and/or recovery periods and were thereby owed premium compensation[.]" (*Id.*) Plaintiffs further allege that given these failures Gucci provided inaccurate or legally inadequate wage statements. (7469 Compl. ¶ 12.)

On July 15, 2014, Plaintiffs filed their PAGA case in the California Superior Court for the County of Los Angeles. (7469, Dkt. 1.) Plaintiffs purportedly bring this action on behalf of:

> All current and former non-exempt, hourly paid retail employees of Defendants Gucci and Does 1–30 who worked at any of Gucci's California retail locations or any department store or other retail designer store in California where Gucci's non-exempt retail employees have been so employed during the covered time period and whose work time was tracked by one or more time management systems.

(7469 Compl. ¶ 7.) In this action Plaintiffs seek pursuant to PAGA to recover: (1) 25 percent of all penalties due under California law, Cal. Lab. Code § 2699; (2) all unpaid wages and other compensation owed to Plaintiffs and other aggrieved employees; and (3) costs and attorney fees.

On the same day they filed their PAGA case, Plaintiffs also filed a putative class action in the Los Angeles County Superior Court. (7468, Dkt. 1.) Plaintiffs seek to represent the class of:

> All current and former non-exempt, hourly paid retail employees of Defendants Gucci and Does 1–30 who worked at any of Gucci's California retail locations or any department store or other retail designer store in California where Gucci's non-exempt retail employees have been so employed for any period of time within four years prior to the initiation of this action through certification ("the Class Period") and whose work time was tracked by one or more time management systems.

(7468 Compl. ¶ 10.) In their class complaint, Plaintiffs assert claims arising under California labor laws for: (1) failure to pay wages for hours worked; (2) failure to pay overtime; (3) failure to pay minimum wage; (4) unpaid wages at discharge; (5) failure to provide meal and rest periods; (6) failure to pray vested vacation benefits; (7) inaccurate wage statements; and (8) violation of California's Unfair Competition law, Cal, Bus. & Prof. Code. § 17200 *et seq*.

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-7468-SVW (JPRx) & 2:14-cv-07469-SVW (JPRx) | Date | January 7, 2015 |
|---|---|---|---|
| Title | Oda et al. v. Gucci America, Inc. et al. | | |

### III. LEGAL STANDARD

Removal jurisdiction is generally disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). But it is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441.

One common basis is the presence of a well-pleaded federal question. 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (citation and internal quotation marks omitted).

Another basis for subject matter jurisdiction is the parties' diversity of citizenship. 28 U.S.C. § 1332(a). Diversity jurisdiction exists in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a). The amount in controversy is determined from the complaint itself, "unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (citation and internal quotation marks omitted).

Additionally, the Class Action Fairness Act ("CAFA") allows for subject matter jurisdiction over class actions in which the proposed class includes at least 100 members, any member of a plaintiff class is of diverse citizenship from any defendant, and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). CAFA was enacted to facilitate federal courts' adjudication of certain class actions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, No. 13-719, slip op. at 7 (Sup. Ct. Dec. 15, 2014). Thus, "no antiremoval presumption attends cases invoking CAFA." *Id.*

A defendant removing a case on the basis of diversity must file a notice of removal containing a "short and plain statement of the grounds for removal." *Id.* at 4–5 (quoting 28 U.S.C. § 1446(a)). The Supreme Court recently clarified that (at least in a CAFA case) the defendant need not submit evidence supporting this assertion with the notice of removal. *Id.* at 5. However, if the plaintiff contests the defendant's allegations regarding the amount in controversy, then the court must decide by a preponderance of the evidence that the amount in controversy requirement is met. *Id.* at 6 (citing 28 U.S.C. § 1446(c)(2)(b)). The defendant bears the burden of proving that the amount in controversy requirement is met. *Id.*; *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).

### IV. ANALYSIS

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-7468-SVW (JPRx) & 2:14-cv-07469-SVW (JPRx) | Date | January 7, 2015 |
|---|---|---|---|
| Title | Oda et al. v. Gucci America, Inc. et al. | | |

### A. Plaintiffs' Motion to Remand the Class Action

Gucci removed Plaintiffs' putative class action under CAFA. Gucci asserts that this Court has jurisdiction over the case because: (1) its records indicate that it has employed over 350 individuals in non-exempt, hourly paid retail positions in California between July 15, 2010 and September 19, 2014, (Maser Decl. ¶ 5); (2) Gucci is a citizen of New York while Plaintiffs are California citizens; and (3) the amount in controversy exceeds $5,000,000. Plaintiffs do not contest that there are over 100 members in the proposed class and that the requisite diversity of citizenship is met. Instead, Plaintiffs argue that Gucci fails to sufficiently prove that the amount in controversy requirement is met.

Plaintiffs assert that Gucci's calculation of the amount in controversy improperly assumes the frequency with which labor code violations occurred rather than submitting evidence regarding the actual frequencies of violations.

Gucci submitted the declaration of Senior Human Resources Project Manager Cara Maser with its notice of removal. In her declaration, Maser asserts that she is familiar with Gucci's relevant payroll and personnel records. (Maser Decl. ¶ 1.) She testifies to such data as the number of wage statements Gucci issued during the relevant time period, the number of non-exempt retail employees Gucci employed during relevant time periods, the number of workweeks those employees worked during the relevant time period, the average wage those employees earned during the relevant time period, and the number of employees that Gucci terminated during the relevant time period. (Maser Decl. ¶ 3–8.)

Gucci submits an additional declaration from Maser in opposition to Plaintiffs' motion to remand. In this declaration, Maser asserts that the previously-described employees are "predominantly full time employees, who are typically scheduled to work 8 hour shifts, five days per week." (Decl. of Cara Maser in Supp. Def's Opp. ("Second Maser Decl.") ¶ 4.) Plaintiffs argue that Maser's second declaration is insufficient because it gives only a general description and not specific statistics. Plaintiffs' argument misunderstands the nature of Gucci's burden at the current stage of litigation: Gucci need only submit sufficient evidence to show that it is more likely than not that there is more than $5,000,000 in controversy. Gucci need not prove the merits of Plaintiffs' case. *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007). Moreover, as the Supreme Court recently clarified—CAFA was meant to facilitate removal and thus there is no presumption against removal jurisdiction in CAFA cases. *Dart Cherokee*, No. 13-719, slip op. at 7. Maser's declarations are thus sufficient.

Gucci calculates the amount in controversy as follows: Because Plaintiffs allege that Gucci failed to pay Plaintiffs and class members "some of their wages earned and all compensation due,"

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-7468-SVW (JPRx) & 2:14-cv-07469-SVW (JPRx) | Date | January 7, 2015 |
|---|---|---|---|
| Title | Oda et al. v. Gucci America, Inc. et al. | | |

(7468 Compl. ¶ 17), Gucci assumes that each class member suffered at least one violation per week. Thus, Gucci asserts that the amount in controversy for Plaintiffs' unpaid wages claim is $471,469. Based on Plaintiffs' assertion that Gucci "sometimes" failed to pay overtime, Gucci assumes a similar rate of one violation per week. Though Plaintiffs' claim is based on Gucci's purported failure to pay either 1.5 times the regular rate or twice the regular rate, as circumstances required, Gucci applies only the lower rate. Thus Gucci assumes each putative class member would be owed one hour at one and a half times the employee's standard hourly rate. Thus, Gucci asserts that the amount in controversy for Plaintiffs' unpaid overtime claim is $707,357.

     In calculating the amount in controversy for Plaintiffs' minimum wage claim, Gucci conservatively applies the $8 minimum hourly wage that was required until July 1, 2014 (after which the minimum wage was raised ). Gucci assumes a 1-hour per week violation rate and estimates the amount in controversy for Plaintiffs' minimum wage claim to be $244,760.

     Plaintiffs allege that Gucci failed to timely pay class members their owed wages and that class members were entitled to receive waiting time penalties for such unpaid wages for up to a maximum of 30 days. Based on these assertions, Gucci assumes that each terminated putative class member was entitled to 30 days of continuation wages at 8 hours of standard pay per day. Gucci thus calculates the amount in controversy for Plaintiffs' waiting time claim as $588,046.

     In their meal and rest period claim, Plaintiffs allege that: (1) "Plaintiffs and the class members sometimes did not receive all of their meal periods in a lawful fashion . . . [and] not all rest periods were given timely, if at all to plaintiffs and other Class members," (*Id.* ¶ 31); and (2) that Gucci "maintained a policy or practice of not paying additional compensation to employees for missed, uninterrupted [sic], and/or timely meal and/or rest periods," (*Id.* ¶ 33). Gucci assumes a 50 percent violation rate for meal periods and a 50 percent violation rate for rest periods. In other words Gucci assumes that each class member experienced 2.5 meal period violations in a 5-day work week and 2.5 rest period violations in the same time period. On this basis, Gucci calculates the amount in controversy for Plaintiffs' meal and rest period claim as $2,357,346.

     Plaintiffs assert that Gucci "sometimes failed to provide such [required] accurate and complete itemized wage statements to Plaintiffs and the members of the Class," (*Id.* ¶ 42), and that "each Plaintiff and each member of the class" are entitled to receive up to the statutory maximum of $4,000. (*Id.* ¶ 43.) On this basis, Gucci assumes that each class member is entitled to receive $4,000. Gucci also limits the time period for this claim beyond the four year class period based on the one year statute of limitations applicable to Plaintiffs' wage statement claim. Thus, Gucci calculates the amount in controversy for this claim as $948,000.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-7468-SVW (JPRx) & 2:14-cv-07469-SVW (JPRx) | Date | January 7, 2015 |
|---|---|---|---|
| Title | Oda et al. v. Gucci America, Inc. et al. | | |

    Gucci asserts that Plaintiffs failed to set forth sufficient allegations regarding their vacation pay claim to enable it to calculate the amount in controversy. It thus does not include any damages for this claim in its calculations.

    Plaintiffs also assert that each of Gucci's alleged labor code violations also violates California's UCL, and thus that they are entitled to restitution and injunctive relief. To avoid claiming a double-recovery, Gucci does not include any amount for this claim in its amount-in-controversy calculation.

    Plaintiffs also seek attorneys' fees on behalf of the class. Gucci assumes that Plaintiffs would recover a 25 percent fee. Based on all of the foregoing, Gucci asserts that the amount in controversy before attorneys' fees is $5,316,978. Thus, a 25 percent attorneys' fee award would be $1,329,245. Gucci therefore asserts that the total amount in controversy is $6,646,223.

    Plaintiffs argue that Gucci assumes greater rates of violation than are supported by the allegations of the complaint because they assert that Gucci "sometimes" violated labor laws or failed to "pay all" compensation due. However, in contrast to this language, Plaintiffs also assert that Gucci "used policies and procedures that have consistently violated California labor laws and regulations." (7468 Compl. ¶ 11(c)(i).) Moreover, Gucci is not required to comb through its records to identify and calculate the exact frequency of violations. Rather, Gucci is only required to prove the amount in controversy by a preponderance. Where, as here, a plaintiff makes generalized allegations regarding the frequency of violations, a defendant may calculate the amount in controversy based on reasonable assumptions. *Muniz*, 2007 WL 1302504, at *3–5 (finding an assumption of a 100 percent violation rate proper where the plaintiff alleged that the defendant did "not always" pay the amount of compensation due). In light of Plaintiffs' allegations, Gucci's assumptions are reasonable. *Id.*

    Plaintiff further objects that by including the minimum wage penalties, Gucci improperly double-counts some damages. Even assuming *arguendo* that Plaintiffs are correct, the $5,000,000 requirement would still be met.

    Plaintiffs also object that Gucci includes separate calculations for meal and rest time penalties rather than assuming that each class member suffered only one of these types of violations on a given day. Plaintiffs also assert that Gucci regularly paid meal and rest break premiums (and thus did not violate the applicable law). They thus argue that Gucci's calculations improperly fail to account for instances when such premiums were paid.

    On its face, the complaint contradicts Plaintiffs' arguments. Plaintiffs' complaint asserts that Gucci "maintained a policy or practice of not paying additional compensation" for missed "meal and/or rest periods." (7468 Compl. ¶ 33.) Plaintiffs also assert that "Plaintiff [sic] and the class members

                                                                                                                                                     :

Initials of Preparer                                                         PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-7468-SVW (JPRx) & 2:14-cv-07469-SVW (JPRx) | Date | January 7, 2015 |
|---|---|---|---|
| Title | Oda et al. v. Gucci America, Inc. et al. | | |

sometimes did not receive all of their meal periods . . . Furthermore, Plaintiffs and the rest of the Class were [entitled] to a paid rest break . . . However, not all rest periods were given timely, if at all[.]" (*Id.* ¶ 31.) In light of these allegations, Gucci's assumption of a 50 percent violation rate for each type of violation is reasonable. Similarly, because Plaintiffs include separate claims for both failure to pay regular wages and failure to pay overtime, Gucci properly assumes at least one of each type of violation per week. Had Plaintiffs wanted to avoid removal by limiting their recovery, they could have pled facts narrowing the scope of their claims. *Muniz*, 2007 WL 1302504, at *4. However, they did not.

In sum, Gucci sufficiently proves that the amount in controversy requirement is met. The Court therefore DENIES Plaintiffs' motion to remand the class action

**B.     Plaintiffs' Motion to Remand the PAGA Action**

Gucci asserts that both the class action and the PAGA action should be treated as one case for jurisdictional purposes. It thus asserts that this Court either has jurisdiction over the PAGA action under CAFA or that this Court may exercise supplemental jurisdiction over the PAGA action in connection with the class action pursuant to 28 U.S.C. § 1367.[1]

Gucci never moved to consolidate the cases. Plaintiffs filed their claims as separate actions. Thus, that is how the Court will treat them. The Court therefore considers whether it may exercise jurisdiction over the PAGA action irrespective of the class action.

Plaintiffs' PAGA action does not raise a federal question. Additionally, Gucci fails to prove that diversity jurisdiction is proper under § 1332. Gucci offers no allegations (let alone proof) of the amount that would be recoverable solely by Plaintiffs. Potential PAGA penalties against an employer cannot be aggregated to satisfy the amount in controversy under § 1332. *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122–23 (9th Cir. 2013). Finally, CAFA does not confer upon federal courts subject matter jurisdiction over PAGA claims. *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1124 (9th Cir. 2014) *cert. denied*, No. 14-260, 2014 WL 4373643 (U.S. Dec. 15, 2014)**.**

For the aforementioned reasons, the Court GRANTS Plaintiffs' motion to remand the PAGA action and REMANDS the PAGA claim to state court.

---

[1] In its notice of removal Gucci also asserted that jurisdiction was proper under 28 U.S.C. § 1332(a). However, Gucci failed to make any assertions regarding the amount recoverable by Plaintiffs solely attributable to the PAGA claim. More importantly, Gucci failed to raise this argument in opposition to Plaintiffs' motion to remand.

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-7468-SVW (JPRx) & 2:14-cv-07469-SVW (JPRx) | Date | January 7, 2015 |
|---|---|---|---|
| Title | Oda et al. v. Gucci America, Inc. et al. | | |

**V.     ORDER**

       1.  For the aforementioned reasons, the Court DENIES Plaintiffs' motion to remand the class action.

       2.  For the aforementioned reasons, the Court GRANTS Plaintiffs' motion to remand the PAGA action and REMANDS the PAGA action to California state court.

Initials of Preparer      PMC